UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

OLIVIA C. TORRES, a/k/a Olivia
Brewington,
                    *Defendant-Appellant.*

No. 01-4520

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-00-392)

Submitted: October 24, 2001

Decided: December 13, 2001

Before WIDENER, WILKINS, and WILLIAMS,
Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Brian J. Grossman, ECK, COLLINS & MARSTILLER, Richmond,
Virginia, for Appellant. Sara E. Flannery, OFFICE OF THE UNITED
STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Olivia C. Torres appeals her conviction for interfering with interstate commerce in violation of the Hobbs Act,* *see* 18 U.S.C. § 1951 (1994), in the wake of her guilty plea pursuant to a plea agreement with the United States. Torres contends her conviction cannot stand, as the source and total amount of funds stolen from the business engaged in interstate commerce in question are insufficient to implicate the Hobbs Act.

The Government moved to dismiss Torres' appeal based upon the waiver of appellate rights contained in her plea agreement, which stated she waived "her right to appeal any sentence within the maximum provided in the statute(s) of conviction . . . on any ground whatever." (JA 33). However, because Torres waived only "her right to appeal any sentence," not the conviction itself, we deny the Government's motion to dismiss. *See United States v. Mader*, 251 F.3d 1099, 1103 (6th Cir. 2001) (holding materially identical provision did not waive defendant's right to appeal validity of plea).

Even so, we affirm Torres' conviction. We have previously found that "the jurisdictional predicate of the [Hobbs] Act 'may be satisfied though the impact upon commerce is small, and it may be shown by proof of probabilities without evidence that any particular commercial movements were affected.'" *United States v. Bailey*, 990 F.2d 119, 125 (4th Cir. 1993) (quoting *United States v. Brantley*, 777 F.2d 159, 162 (4th Cir. 1985)). Moreover, the depletion of the assets of a business engaged in interstate commerce is all that is necessary to satisfy the interstate commerce nexus of the Hobbs Act, *United States v. Bengali*, 11 F.3d 1207, 1212 (4th Cir. 1993), and robbery of as little

---

*While Torres was also convicted of bank fraud, *see* 18 U.S.C. § 1344 (1994), she does not assign error with respect to that conviction.

as $160 is not so trivial as to automatically place certain segments of that criminal activity beyond the scope of the Hobbs Act, *United States v. Zeigler*, 19 F.3d 486, 491 (10th Cir. 1994). Accordingly, although we deny the Government's motion to dismiss her appeal, we affirm Torres' conviction, and dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

*AFFIRMED*